**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 29, 2017, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: March 29, 2017**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-50494 |
| | ) | |
| FAIR FINANCE COMPANY, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | Chief Judge Pat E. Morgenstern-Clarren |
| | ) | |
| BRIAN BASH, TRUSTEE, | ) | District Court Case No. 5:12-cv-987 |
|     Plaintiff, | ) | Judge Patricia A. Gaughan |
| | ) | |
| v. | ) | Adversary Proceeding No. 12-5101 |
| | ) | Judge Arthur I. Harris |
| TEXTRON FINANCIAL CORP., | ) | |
|     Defendant. | ) | |

## PROPOSED CONCLUSIONS OF LAW RECOMMENDING THAT DISTRICT COURT DENY IN LARGE PART DEFENDANT TEXTRON FINANCIAL CORPORATION'S MOTION TO DISMISS TRUSTEE'S SECOND AMENDED COMPLAINT

This proceeding is currently before the undersigned bankruptcy judge for

recommendations regarding the motion of defendant Textron Financial

Corporation ("Textron") to dismiss the chapter 7 trustee's second amended

complaint. Case No. 5:12-CV-987, ECF No. 274. For the reasons that follow, the undersigned judge submits these Proposed Conclusions of Law recommending that the district court: (1) deny Textron's motion to dismiss the trustee's second amended complaint, with the exception of reaffirming the district court's earlier decision that the trustee is not entitled to punitive damages for avoidance claims under 11 U.S.C. §§ 550 and 544, and (2) order Textron to file its answer to the second amended complaint within 14 days pursuant to Bankruptcy Rule 7012(a).

## JURISDICTION

1.      The district court has jurisdiction over this action pursuant to 28 U.S.C. § 1334. The undersigned bankruptcy judge has authority to issue proposed conclusions of law pursuant to 28 U.S.C. § 157(c); Rule 9033 of the Federal Rules of Bankruptcy Procedure; Local General Order No. 2012-7, dated April 4, 2012; and the Orders of the district court dated May 20, 2014, and October 4, 2016, re-referring this matter for pretrial supervision and recommendations on all dispositive motions (Case No. 5:12-CV-987, ECF Nos. 232 and 267). *See also Executive Benefits Ins. Agency v. Arkison*, __U.S.__, 134 S. Ct. 2165 (2014) (procedure under 28 U.S.C. § 157(c) by which bankruptcy judge hears non-core matters and submits proposed findings of fact and conclusions of law to the district court "may be applied naturally to *Stern* claims").

2

## PROCEDURAL HISTORY

2.      On February 7, 2012, the chapter 7 trustee ("trustee") filed this adversary complaint against three defendants.  Following the district court's withdrawal of its reference pursuant to 28 U.S.C. § 157(d), the first defendant, Textron, was dismissed on November 9, 2012, pursuant to a memorandum of opinion and order entered by U.S. District Judge Patricia A. Gaughan.  *Bash v. Textron Financial Corp.*, 483 B.R. 630 (N.D. Ohio 2012).

3.      On January 15, 2015, the district court largely denied cross-motions for summary judgment filed by the trustee and the second defendant, Fortress Credit Corporation ("Fortress").  *Bash v. Textron Financial Corp.*, 524 B.R. 745 (N.D. Ohio 2015).

4.      On June 8, 2015, the bankruptcy court approved a settlement between the trustee and Fortress that had been negotiated with the assistance of the district court.  Case No. 1:10-BK-50494, ECF No. 1713.

5.      On July 23, 2015, the district court entered an order dismissing the trustee's claims against Fortress with prejudice.  Case No. 5:12-CV-987, ECF No. 258.

6.      On July 24, 2015, the district court dismissed the trustee's claims against the third defendant, Fair Facility I, LLC ("Fair Finance SPE"), which never entered an appearance, filed an answer, or otherwise defended itself against the

3

claims raised in this proceeding. The dismissal of Fair Finance SPE completed the dismissal of all claims and all parties, thereby making the 2012 dismissal of Textron a final appealable order.

7.      On August 3, 2015, the trustee appealed the 2012 order dismissing the claims against Textron to the Sixth Circuit.

8.      On August 23, 2016, the Sixth Circuit issued an opinion affirming in part and reversing in part the district court's 2012 order dismissing the trustee's claims against Textron. *Bash v. Textron Financial Corp. (In re Fair Finance Co.) (Fair Finance)*, 834 F.3d 651 (6th Cir. 2016).

9.      On September 23, 2016, the Sixth Circuit denied Textron's petition for rehearing and motion to certify questions of state law to the Ohio Supreme Court.

10.      On October 3, 2016, the Sixth Circuit issued its mandate and remanded this proceeding to the district court. The mandate was entered on the district court docket on October 4, 2016. Case No. 5:12-CV-987, ECF No. 266.

11.      On October 4, 2016, the district court referred this matter to the undersigned bankruptcy judge "for pretrial supervision" and to issue "a Report and Recommendation on all dispositive motions filed in this case."
Case No. 5:12-CV-987, ECF No. 267.

12.      On October 14, 2016, Textron moved for an order to stay the time for

4

it to file its answer to the first amended complaint, which the court granted on October 17, 2016. Adv. Pro. 12-5101, ECF No. 102.

13.    On November 4, 2016, the district court granted the trustee's unopposed motion for leave to file a second amended complaint against Textron. Case No. 5:12-CV-987, ECF No. 270.

14.    On December 19, 2016, Textron filed a motion to dismiss the second amended complaint. Case No. 5:12-CV-987, ECF No. 274.

15.    On February 8, 2017, the trustee filed his response in opposition to Textron's motion to dismiss. Case No. 5:12-CV-987, ECF No. 278.

16.    On March 1, 2017, Textron filed its reply. Case No. 5:12-CV-987, ECF No. 281.

## THE SECOND AMENDED COMPLAINT

17.    The second amended complaint consists of four claims for relief. These claims for relief are largely identical to counts 1, 16, 19, and 21 of the first amended complaint that were the subject of the district court's 2012 order dismissing all claims against Textron as well as the Sixth Circuit's 2016 decision affirming in part and reversing in part the decision of the district court.

18.    The second amended complaint excludes the claims previously brought against the dismissed defendants – Fortress and Fair Finance SPE – and includes a few additional allegations within the same four claims for relief.

5

Case No. 5:12-CV-987, ECF No. 270 (redline attachment).

19.     Count one, which is largely identical to count one of the first amended complaint, seeks avoidance and recovery of actual fraudulent transfers from Textron under 11 U.S.C. § 544(a) and (b)(1), Ohio Rev. Code § 1336.04(A)(1), 11 U.S.C. § 550(a), and 11 U.S.C. § 551.  Unlike count one of the first amended complaint, count one of the second amended complaint does not include a claim for treble damages under Ohio Rev. Code § 2307.61.  Count two, which is largely identical to count sixteen of the first amended complaint, seeks damages against Textron for civil conspiracy.  Count three, which is largely identical to count nineteen of the first amended complaint, seeks equitable subordination of Textron's liens, claims, and encumbrances under 11 U.S.C. § 510(c).  Count four, which is largely identical to count twenty-one of the first amended complaint, seeks disallowance of any filed or scheduled claims of Textron under 11 U.S.C. § 502(d) .

TEXTRON'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

20.     Although billed as a motion to dismiss, Textron's motion only seeks dismissal under Rule 12(b)(6) of count two – the civil conspiracy claim.  Textron also seeks two other legal determinations: (1) that the calculation of the trustee's alleged damages in count one is improper; and (2) that the trustee is not entitled to punitive damages for his avoidance claims under 11 U.S.C. §§ 550 and 544.

6

Case No. 5:12-CV-987, ECF No. 274.

DISCUSSION

THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPLY TO THIS PROCEEDING

21.     This proceeding remains subject to the Federal Rules of Bankruptcy

Procedure, regardless of whether the proceeding is being heard by a district judge

or a bankruptcy judge.  *See* Fed. R. Bankr. P. 1001; Fed. R. Civ. P. 81(a)(2);

*Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1287 (11th Cir. 2016)

("Moreover, the Federal Rules of Civil Procedure provide for the primacy of the

Federal Bankruptcy Rules in bankruptcy proceedings adjudicated in district

court."); *Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1240-41 (7th Cir.

1990) (explaining that the bankruptcy rules apply to cases and proceedings before

district judges or bankruptcy judges); *In re Celotex Corp.*, 124 F.3d 619,

629-30 (4th Cir. 1997) (same); *Phar-Mor, Inc. v. Coopers & Lybrand*,

22 F.3d 1228, 1236-37 (3d Cir. 1994) (same); *Redhawk Global, LLC v. World

Projects Int'l*, 495 B.R. 368, 374 (S.D. Ohio 2013) (same); and *VFB LLC v.

Campbell Soup Co.*, 336 B.R. 81, 83 (D. Del. 2005) (applying the bankruptcy rules

in a fraudulent conveyance action that originated in district court).  *See also*

1987 Advisory Committee Note to Fed. R. Bankr. P. 9001(4) ("Since a case or

proceeding may be before a bankruptcy judge or a judge of the district court,

'court or judge' is defined to mean the judicial officer before whom the case or proceeding is pending.").

## RULE 12(B)(6) STANDARD

22.   As the Sixth Circuit stated in *Fair Finance*:

> "A claim survives [a Rule 12(b)(6) motion to dismiss for failure to state a claim] if its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.' " *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

834 F.3d at 665.   To survive a motion to dismiss a plaintiff must plead "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.

## CONSIDERING MATTERS OUTSIDE THE PLEADINGS

23.   "[A]s a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002). However, "when a document is

8

referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).

*Fair Finance*, 834 F.3d at 656-57 n.1.

24.     Federal Rule of Civil Procedure 12(d), made applicable by

Bankruptcy Rule 7012(b), provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

25.     At a status conference on January 17, 2017, the Court advised the

parties that the only matters outside the pleadings that it intended to consider are

the ones that the Sixth Circuit has said can be addressed without going outside the

bounds of Rule 12(b)(6).  Adv. Pro. 12-5101, ECF No. 132 at 25.  In briefing

Textron's motion to dismiss the second amended complaint, both parties have

included documents referenced and quoted in the second amended complaint.  The

undersigned judge believes that all of documents included in briefing the motion

to dismiss the second amended complaint may be properly considered under

Rule 12(b)(6) without converting Textron's motion to one for summary judgment.

Nor has any party objected to any of the documents being considered under

Rule 12(b)(6) or requested that Textron's motion be converted to one for summary

9

judgment.

26. Should the district court instead seek to convert Textron's motion to one for summary judgment, under Rule 12(d), "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

_____

27. The Court will address the three portions of Textron's motion to dismiss in the order raised by Textron.

I.    THE DISTRICT COURT SHOULD DENY TEXTRON'S MOTION TO DISMISS THE TRUSTEE'S CIVIL CONSPIRACY CLAIM.

28. Textron first asserts that count two of the second amended complaint fails to state a claim for civil conspiracy; however, the district court should deny this argument under law of the case and the principles underlying Rule 12(g), made applicable under Bankruptcy Rule 7012(b). Should the district court instead decide that the Sixth Circuit's mandate permits the district court to again consider whether the civil conspiracy claim must be dismissed under Rule 12(b)(6), the district court should still deny this portion of Textron's motion to dismiss and hold that the civil conspiracy claim survives scrutiny under Rule 12(b)(6).

A.    *The District Court Should Deny Textron's Motion To Dismiss the Trustee's Civil Conspiracy Claim under Law of the Case and the Principles Underlying Civil Rule 12(g).*

10

29.     The law of the case doctrine mandates that a lower court adhere to the rulings issued earlier in the case by the appellate court.  *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015).  "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."  *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).  Courts need not adhere to the law of the case in the face of an intervening change in law, new evidence, or a manifest injustice.  *Howe*, 801 F.3d at 741.

30.     The related "mandate rule" is a specific application of the law of the case doctrine and holds that "a district court is bound to the scope of the remand issued by the court of appeals."  *Kindle v. City of Jefferson, Ky.*, 589 F. App'x 747, 753 (6th Cir. 2014) (quoting *Scott*, 377 F.3d at 570). Accordingly, "the trial court must proceed in accordance with the mandate and the law of the case established on appeal."  *Kindle*, 589 F. App'x at 753 (quoting *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013)).

31.     "The law of the case doctrine and the mandate rule generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court."  *U.S. v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).

> Likewise, where an issue was ripe for review at the time of an initial
> appeal but was nonetheless foregone, the mandate rule generally
> prohibits the district court from reopening the issue on remand unless

11

the mandate can reasonably be understood as permitting it to do so.

*U.S. v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). "The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *U.S. v. Moored*, 38 F.3d at 1421 (quoting *U.S. v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991)). *See also U.S. v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007) (When interpreting a mandate, "an appellate court's disposition of an appeal must be read against the backdrop of prior proceedings in the case."). "Where there is substantial doubt as to whether a prior panel actually decided an issue, the district court should not be foreclosed from considering the issue on remand." *Westside Mothers v. Olszewski*, 454 F.3d 532, 539 (6th Cir. 2006).

32.     In addressing the trustee's appeal from the district court's dismissal of the civil conspiracy claim against Textron, the Sixth Circuit expressly reversed the district court's dismissal of the civil conspiracy claim. Thus, the issue necessarily decided by the Sixth Circuit with respect to the civil conspiracy claim was whether the district court erred in holding that the trustee failed to state a claim under Rule 12(b)(6) of civil conspiracy in the first amended complaint. Under the law of the case doctrine, that decision is binding on the district court.

33.     As the Sixth Circuit explained in *Fair Finance*:

12

> We examine each claim in turn and review de novo whether the
> district court properly granted Textron's motion to dismiss. . . . "A
> claim survives such a motion if its '[f]actual allegations [are] enough
> to raise a right to relief above the speculative level on the assumption
> that all of the complaint's allegations are true.' "

834 F.3d at 665 (citations omitted).  In other words, the issue the Sixth Circuit

decided was whether the civil conspiracy claim survived Textron's Rule 12(b)(6)

motion to dismiss.

34.    The Eighth Circuit's decision in *U.S. v. Duchi*,  944 F.2d 391, 392-93

(8th Cir. 1991), is instructive.  After a jury convicted Duchi of acquiring cocaine

and intending to sell it, Duchi appealed arguing that illegally seized evidence

should not have been admitted at trial.  On appeal, the Eighth Circuit agreed and

remanded the case for a new trial.  On remand, the government raised another

argument for admitting the evidence that had not been raised in the first appeal.

The district court held that the government could not assert a different ground for

the introduction of the evidence that the appeals court had held to be illegally

obtained.  On a second appeal, this time by the government, the Eighth Circuit

agreed.

> The "issue" addressed previously is not the particular theory that
> would support the admission of evidence, but the broader question
> concerning the admissibility itself.  In this case, the issue addressed
> and decided in *Duchi I* was whether the search was constitutional, not
> simply whether exigent circumstances justified the search.  If
> alternative grounds for admission existed, then the Government
> should have presented those theories in the prior case.

13

In *Duchi I*, this Court made the scope of its holding clear. "The Government is, of course, free to retry the appellant. It must, however, prove the case against Duchi without the benefit of the evidence gained from unconstitutionally entering his home." 906 F.2d at 1285. That holding establishes the law of the case in regard to the admissibility of evidence, and the district court correctly concluded that it did not have authority to revisit the constitutionality of the search and seizure.

944 F.2d at 393.

35.     While Textron argues that the Sixth Circuit never expressly addressed the alternative theory now being reasserted in Textron's most recent motion to dismiss, *i.e.*, that the allegations fail to make out a valid claim for civil conspiracy under Ohio law, Textron reads the issue decided by the Sixth Circuit too narrowly. As with the *Duchi* case, the issue decided by the Sixth Circuit in *Fair Finance* was whether the trustee failed to state a civil conspiracy claim under Rule 12(b)(6), not the specific theory actually adopted by the district court among those asserted by Textron in its first motion to dismiss. Had the Sixth Circuit intended otherwise, instead of reversing the district court's dismissal of the civil conspiracy claim under Rule 12(b)(6), it could have vacated the dismissal and remanded the lawsuit for the district court to consider alternative theories contained in Textron's first motion to dismiss that the Sixth Circuit elected not to address. But the Sixth Circuit did not do this.

14

36.     In trying to discern the letter and spirit of the mandate in this lawsuit, the district court must look to the procedural posture in which this matter came before the Sixth Circuit as well as the language of the mandate itself.  *See U.S. v. O'Dell*, 320 F.3d at 681.

37.     While the district court relied solely on the *in pari delicto* defense to dismiss the trustee's civil conspiracy claim, *Bash v. Textron Financial Corp.*, 483 B.R. at 650-53, Textron appears to have understood that the broader issue on appeal was whether the district court correctly concluded that the trustee failed to state a civil conspiracy claim under Rule 12(b)(6).  Textron captioned the pertinent section of its appellee's brief as follows: "THE DISTRICT COURT CORRECTLY CONCLUDED THAT THE TRUSTEE FAILED TO STATE A CIVIL CONSPIRACY CLAIM."  Case No. 15-3854, ECF No. 27 at 31.

38.     Textron was aware that it could raise additional grounds for the Sixth Circuit to uphold the district court's dismissal under Rule 12(b)(6), and it did so. In its appellee brief before the Sixth Circuit, Textron argued both lack of standing and violation of the statute of limitations – two grounds not decided by the district court – as independent grounds for upholding the district court's dismissal of the civil conspiracy claim under Rule 12(b)(6).  *Fair Finance*, 834 F.3d at 674; Case No. 15-3854, ECF No. 27 at 31, 45.

15

39.     Textron even briefly argued in passing that the trustee failed to make out a valid claim for civil conspiracy under Ohio law, *id*. at 31 ("If any conspiracy claim exists—and it does not— . . ."), but chose not to develop this argument more fully before the Sixth Circuit.

40.     Once the lawsuit was remanded, Textron also appears to have understood that, under Rule 7012(b), it was required to file an answer to the first amended complaint within 14 days of the mandate being filed with the district court on October 4, 2016. *See* Adv. Pro. 12-5101, ECF No. 97. Indeed, nothing in the language of the Sixth Circuit's decision suggests that upon remand, the district court is free to address Textron's other theories for dismissal of the trustee's civil conspiracy claim under Rule 12(b)(6).

41.     By way of comparison, when the Sixth Circuit wanted the district court to know that the district court was free to revisit an issue upon remand, it expressly said so. *See Fair Finance*, 834 F.3d at 667 ("[O]ur silence as to the [trustee's] two alternative theories for invalidating the 2002 security agreement . . . means that the district court may, in its discretion and in light of this opinion, revisit those issues upon remand.").

42.     Nor does the filing of a second amended complaint, whose civil conspiracy claim against Textron is largely identical to count sixteen of the first amended complaint, change the effect of the Sixth Circuit's mandate for

16

dismissing the civil conspiracy claim against Textron. *See Pipefitters Local 636*

*Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 418 F. App'x 430, 435 n.4

(6th Cir. 2011).

43.     The cases cited by Textron such as *Kindle* are readily distinguished.

In *Kindle*, the issue in the first appeal was whether the plaintiffs' First Amendment

claims failed because their speech was not on a matter of public concern.  The

alternative ground raised on remand was whether the speech was false or made

with reckless disregard for the truth.  That argument was not even raised in the

first motion for summary judgment, which was the subject of the first appeal.   As

the Sixth Circuit explained in the second appeal:

> Here, our prior opinion did not expressly or impliedly decide whether
> plaintiffs' speech was true. The issue was simply not raised by the
> parties in the motions before the district court, or on appeal.
> Considering the totality of the circumstances surrounding "the letter
> and the spirit" of the appeal, there is no indication that our court gave
> any consideration to the issue of whether plaintiffs' speech was false
> or made with reckless disregard for the truth. *See Mason*,
> 729 F.3d at 550. At most, we simply assumed, without deciding, that
> plaintiffs' speech was true, and went on to address whether the speech
> was a matter of public concern. Mere recital of factual matters
> assumed for purposes of decision are not part of the mandate, nor do
> they form the "law of the case."

589 F. App'x at 753.  Unlike in *Kindle*, in the present lawsuit, the Sixth Circuit

has already decided the larger issue of whether the civil conspiracy claim survived

under Rule 12(b)(6).

12-05101-aih    Doc 151    FILED 03/29/17    ENTERED 03/29/17 11:23:06    Page 17 of 33

44.     In addition, the policy against requiring all defenses be raised in a single summary judgment motion, a factor raised by the Sixth Circuit in *Kindle*, does not apply to Rule 12(b) motions to dismiss.

45.     That the Sixth Circuit's mandate in the present lawsuit encompasses a holding that the civil conspiracy claim against Textron survives Rule 12(b)(6) is also supported by policies underlying Rule 12 of the Federal Rules of Civil Procedure, made applicable to this lawsuit under Bankruptcy Rule 7012.

46.     Civil Rule 12 and Bankruptcy Rule 7012(a) both provide that when a Rule 12(b) motion to dismiss is denied or postponed, the responsive pleading shall be served within 14 days.  There is no right to file successive motions to dismiss. Rule 12(g)(2) provides:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Rules 12(g) and (h)(2) do "provide an exception for a defense based on failure to state a claim," but this exception is limited to a defense raised in "a subsequent pleading, motion for judgment on the pleadings, or at trial on the merits."  *English v. Dyke*, 23 F.3d 1086, 1091 (6th Cir. 1994).  Although the rule "expressly excepts . . . from its waiver provisions" these "post-answer motions," *id.*, the defendant "cannot delay the filing of a responsive pleading by interposing these defenses and

objections in piecemeal fashion but must present them simultaneously." *Id.* at 1090.

47. As the Sixth Circuit noted:

> In considering the operation of Rule 12(g), it is advisable to keep in mind that Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes whereby numerous pretrial motions could be made, many of them in sequence – a course of conduct that often was pursued for the sole purpose of delay. . . .

> Simply stated, the objective of the rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously.

*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 n.3 (quoting 5 Wright & Miller, Federal Practice & Procedure, § 1384).

48. In its initial Rule 12(b)(6) motion with the district court, Textron argued that the trustee failed to state a claim of civil conspiracy under Ohio law; however, Textron then chose not to fully develop this argument in the Sixth Circuit despite pursuing other defenses besides the *in pari delicto* argument adopted by the district court. Now, having failed to fully develop this argument in the Sixth Circuit – and before filing an answer – Textron is attempting to resurrect

19

the same failure to state a claim defense. This is precisely the sort of pre-answer, piecemeal litigation that Rule 12(g) seeks to avoid.

49.     In summary, just as the Eighth Circuit in *Duchi* held that the government should have presented its alternative ground for admission of particular evidence in the earlier appeal, so too should Textron have presented its alternative theory for why the trustee failed to state a claim of civil conspiracy under Rule 12(b)(6) in defending the district court's dismissal of this count on appeal.

50.     Of course, nothing prevents Textron from arguing at summary judgment that the trustee's evidence is not trial worthy. *See McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000) (a decision "on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery"). *See also* 5 Wright & Miller, Federal Practice & Procedure, § 1387:

> A party who challenges the face of the pleading for insufficiency in stating a claim for relief ought not to forfeit the right to attack the merits of an opponent's case as not being trial worthy on the basis of affidavits and other supporting material.

Under Rule 56(b) and the Court's scheduling order, Textron is free to move for summary judgment, including as to the civil conspiracy claim, at any time prior to November 1, 2017.

51. Nevertheless, absent intervening circumstances not present here, once the Sixth Circuit decided that the district court erred in granting Textron's Rule 12(b)(6) motion to dismiss the civil conspiracy claim, Textron should not be permitted to argue in a renewed 12(b)(6) motion that essentially the same civil conspiracy claim must be dismissed for failure to state a claim.

> B. *Should the District Court Decide That the Sixth Circuit's Mandate Permits the District Court to Again Consider Whether the Civil Conspiracy Claim Must Be Dismissed under Rule 12(b)(6), the District Court Should Still Deny This Portion of Textron's Motion to Dismiss and Hold That the Civil Conspiracy Claim Survives Scrutiny under Rule 12(b)(6).*

52. Should the district court decide that the Sixth Circuit's mandate permits the district court to again consider whether the civil conspiracy claim must be dismissed under Rule 12(b)(6), the district court should still deny this portion of Textron's motion to dismiss and hold that the civil conspiracy claim survives scrutiny under Rule 12(b)(6).

53. "[I]n order to establish a claim of civil conspiracy, the following elements must be proven: '(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy.' " *Aetna Casualty and Surety Co. v. Leahey Construction Co.*, 219 F.3d 519, 534 (6th Cir. 2000) (quoting *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App. 3d 284, 629 N.E.2d 28, 33

12-05101-aih    Doc 151    FILED 03/29/17    ENTERED 03/29/17 11:23:06    Page 21 of 33

(1993)).  *See also LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St. 3d 121,

126, 512 N.E.2d 640, 645 (1987).  The "malicious combination" element "does

not require a showing of an express agreement between defendants, but only a

common understanding or design, even if tacit, to commit an unlawful act." *Aetna*

*Casualty and Surety Co.*, 219 F.3d at 538 (quoting *Gosden v. Louis*,

116 Ohio App. 3d 195, 687 N.E.2d 481, 496 (1996)).  The malice required is

"legal or implied malice, 'which the law infers from or imputes to certain acts,'

and is defined as 'that state of mind under which a person does a wrongful act

purposely, without a reasonable or lawful excuse, to the injury of another.' "

*Gosden*, 116 Ohio App. 3d at 219, 687 N.E.2d at 496 (quoting *Pickle v. Swinehart*,

170 Ohio St. 441, 443, 166 N.E.2d 227, 229 (1960)).  The Sixth Circuit has noted

that "the degree of involvement required for civil conspiracy is higher than that for

civil aiding and abetting" and focuses "on whether the defendant *agreed to join in*

the wrongful conduct."  *Aetna Casualty and Surety Co.*, 219 F.3d at 538 (emphasis

in the original).  The defendant's actual knowledge of the illegal scheme is of

paramount importance.  219 F.3d at 534. However, the Sixth Circuit also

emphasized that the agreement need not be express and "the existence of an

express agreement between defendants will frequently be provable only through

circumstantial evidence."  *Id.* at 538 ("[a]ll that must be shown is that . . . the

22

alleged coconspirator shared in the general conspiratorial objective . . . .")
(quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)).

54.     To survive a motion to dismiss a plaintiff must plead "factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*,
556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements, do not
suffice." *Id.*  Additionally, "only a complaint that states a plausible claim for relief
survives a motion to dismiss." *Id.* at 679.  The plaintiff must assert facts that
"raise a right to relief above the speculative level on the assumption that all of the
complaint's allegations are true." *Fair Finance*, 834 F.3d at 665 (quoting *Jones v.
City of Cincinnati*, 521 F.3d at 559).

55.     Textron argues that the trustee has failed to allege plausible facts that
establish a "malicious combination" between Textron and Durham.  To the
contrary, the trustee's allegations go beyond mere legal conclusions and are
supported by factual assertions, taken as true, that raise a plausible, nonspeculative
claim.

56.     The Sixth Circuit succinctly summarized the allegations of the civil
conspiracy claim in the trustee's first amended complaint as follows:

> [T]he Trustee asserts that Textron, in exchange for hundreds of thousands
> of dollars in interest and fees, not only turned a blind eye to Durham and
> Cochran's fraudulent behavior, but actually assisted the two Indiana

23

businessmen in looting the Debtor and transforming its once profitable factoring operation into a front for a Ponzi scheme.

*Fair Finance*, 834 F.3d at 676.  The civil conspiracy claim in the second amended complaint is largely identical to the civil conspiracy claim in the first amended complaint.

57.    The trustee alleges facts that, taken as true, plausibly demonstrate a "malicious combination" between Textron and Durham.  The trustee alleges that Textron provided funding for Durham and Cochran to acquire Fair Finance and that Textron was the debtor's "working capital lender from January 2002 to July 2007."  Case No. 5:12-CV-987, ECF No. 271 at ¶¶ 4, 22, 23.  The trustee alleges facts that, taken as true, establish that Durham and Cochran were engaged in significant self-dealing and operated the debtor as a Ponzi scheme. Case No. 5:12-CV-987, ECF No. 271 at ¶¶ 31-50.  The trustee also alleged facts that would establish that Textron was aware of both the insider loans and the nature of the Ponzi scheme.  Case No. 5:12-CV-987, ECF No. 271 at ¶¶ 51-70. Finally, the trustee alleges facts that plausibly suggest that, despite Textron's knowledge of the self-dealing and Ponzi scheme, Textron continued with the arrangement with the debtor because it was profitable.  Case No. 5:12-CV-987, ECF No. 271 at ¶¶ 338-46, 412-26.

12-05101-aih    Doc 151    FILED 03/29/17    ENTERED 03/29/17 11:23:06    Page 24 of 33

58.     The second amended complaint also alleges that (1) Textron agreed to allow the debtor to postpone making material disclosures to investors regarding insider loans, and (2) Textron agreed to extend the loan to the debtor guaranteed by Durham despite multiple defaults.  Case No. 5:12-CV-987, ECF No. 271 at ¶¶ 7, 67-69, 330-47, 402, 409-25, 487-89.  Taken together, these factual assertions – assumed true – establish the existence of a malicious combination above the speculative level.

59.     In its briefing, Textron argues that the documents cited or incorporated in the second amended complaint are insufficient to establish a malicious combination between Textron and Durham; however, the trustee's allegations in the second amended complaint are not limited to just statements appearing in written documents.  At the pre-answer, Rule 12(b)(6) stage of this litigation, these allegations taken as a whole are sufficient to establish the existence of a malicious combination above the speculative level.

60.     Of course, nothing prevents Textron from arguing at summary judgment that the trustee's evidence is not trial worthy.  *See McKenzie v. BellSouth*, 219 F.3d at 513.  For example, it remains to be seen whether the trustee can actually prove a malicious combination between Textron and Durham.  Similarly, it remains to be seen whether an innocent insider actually existed at Fair Finance within the meaning of the law as explained by the Sixth Circuit.

"If an innocent person inside the corporation had the power to stop the fraud, the agent and the company are not mere alter egos, so the sole actor rule cannot apply." *Unencumbered Assets, Tr. v. Great Am. Ins. Co.*, 817 F. Supp. 2d 1014, 1036 (S.D. Ohio 2011) (quoting *McHale v. Citibank, N.A. (In re 1031 Tax Grp., LLC)*, 420 B.R. 178, 202 (Bankr. S.D.N.Y. 2009)).

834 F.3d at 677. But these matters are properly left to be decided at summary judgment or trial after the parties have completed discovery.

61.     Therefore, even if the district court decides that the Sixth Circuit's mandate permits the district court to again consider whether the civil conspiracy claim must be dismissed under Rule 12(b)(6), the district court should deny this portion of Textron's motion to dismiss and hold that the civil conspiracy claim survives scrutiny under Rule 12(b)(6).

## II.     THE DISTRICT COURT SHOULD DENY THE PORTION OF TEXTRON'S MOTION DIRECTED AT THE AMOUNT OF DAMAGES IN COUNT ONE, WITHOUT PREJUDICE TO TEXTRON RAISING THIS ISSUE AT THE SUMMARY JUDGMENT OR TRIAL STAGE OF THIS LAWSUIT.

62.     The district court should deny the portion of Textron's motion directed at the amount of damages in count one, without prejudice to Textron raising this issue at the summary judgment or trial stage of this lawsuit.

63.     Count one of the second amended complaint is an action to avoid and recover actual fraudulent transfers. In reversing the district court's dismissal of a largely identical claim in the first amended complaint, the Sixth Circuit has

26

already held that this cause of action states a claim upon which relief can be granted.

64.     As the Sixth Circuit stated:

> [W]e hold that the Trustee has sufficiently stated a plausible claim for relief under the Ohio UFTA.  The Trustee pled facts that, taken as true, demonstrate that the 2004 ARL&SA, the security interest the Debtor granted pursuant to the 2004 ARL&SA, and all payments made by the Debtor in accordance with its obligations under the 2004 ARL&SA amount to fraudulent transfers under the Ohio UFTA because each transaction was undertaken in an effort to perpetuate a Ponzi scheme that inevitably collapsed and left hundreds of unsophisticated Ohio investors holding the bag.

834 F.3d at 670.

65.     Textron does not (and cannot) challenge the Sixth Circuit's holding that the trustee's actual fraudulent transfer count states a claim of relief under Ohio law.  Rather Textron asserts that the amount of damages sought is too high as a matter of law.  However, for a number of reasons, a pre-answer Rule 12(b)(6) motion is not an appropriate motion for raising the proper calculation of damages.

66.     Federal Rule of Civil Procedure 54(c), made applicable to bankruptcy proceedings by Bankruptcy Rule 7054, underscores the impropriety of addressing the proper method of calculating damages in a pre-answer motion to dismiss or motion to strike.  Rule 54(c) permits a court to determine the relief, without regard to the relief demanded in a plaintiff's complaint.  Fed. R. Civ. P. 54(c).  Rule 54(c) affords courts "flexibility in crafting relief so that a plaintiff may recover on a

27

valid claim, regardless of counsel's pleading errors." *Yoder v. Univ. of Louisville*, 417 F. App'x 529, 530 (6th Cir. 2011).

67.     The proper calculation of damages for the trustee's actual fraudulent transfer claim in count one of the second amended complaint is complicated and may well depend on the particular facts, which have yet to be established at the Rule 12(b)(6) stage of this lawsuit.

68.     Indeed, that is why Rule 54(c) permits a court to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).  If, as Rule 54(c) provides, the relief entitled at judgment is not constrained by the pleadings, then Rule 12(b)(6) is a particularly inappropriate vehicle for raising this matter, which remains subject to change based upon further factual developments as this lawsuit proceeds through the discovery stage toward trial.  *See Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 984 (D.S.D. 2013) (a form of relief is not subject to a Rule 12(b)(6) motion to dismiss).

69.     When the district court was faced with similar arguments about the amount of damages in the trustee's fraudulent transfer claims against Fortress, the district court declined to address this issue even at the summary judgment phase. 524 B.R. at 763 ("Fortress argues that even if it did not act in good faith, it should be entitled to offset the amounts that it provided to Fair SPE. . . . Upon review, the

28

Court finds that the issue of the amount of damages should not be addressed at this stage in the proceedings.").

70.     Rule 12(f), which permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," does not permit courts to strike claims for damages on the ground that such damages are precluded as a matter of law.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010).

71.     Moreover, even if, as some courts believe, a motion to strike is an acceptable means for addressing whether a particular *category* of damages, such as punitive or treble damages, is unavailable as a matter of law, it is another matter altogether to use such a motion at the pre-answer stage of a lawsuit to decide the proper amount of damages.

72.     While Textron has repeatedly indicated that a prompt ruling on this issue may expedite a possible settlement of this lawsuit, that assertion is presumably contingent upon a ruling favorable to Textron.  Given the Sixth Circuit's language in *Fair Finance*, however, a legal ruling on the proper measure of damages may not necessarily be favorable to Textron.  834 F.3d at 670 (trustee's allegations, if true, "demonstrate that . . . the security interest . . . and all payments made by the Debtor in accordance with [the security agreement] amount to fraudulent transfers under the Ohio UFTA because each transaction was

29

undertaken in an effort to perpetuate a Ponzi scheme that inevitably collapsed and left hundreds of unsophisticated Ohio investors holding the bag").

73.     Of course, nothing in the Sixth Circuit's decision means that the trustee is automatically entitled to all of the damages sought in count one.  The trustee has yet to offer any proof, and Textron has yet to file an answer, which may include various affirmative defenses and/or counterclaims.  Plus the district court may well have considerable discretion in determining the proper measure of damages, notwithstanding any language contained in the Sixth Circuit's decision. *See*, *e.g.*, *In re Straightline Investments, Inc.*, 525 F.3d 870, 882-85 (9th Cir. 2008) (bankruptcy court did not abuse its discretion in the recovery it awarded to the trustee under 11 U.S.C. § 550; recovery awarded was an "appropriate equitable remedy"); *ASARCO LLC v. Americas Mining Corp.*, 404 B.R. 150, 176 (S.D. Tex. 2009) (permitting offset of value given for transfer of stock notwithstanding finding that transferee lacked good faith); *In re Pearlman*, 515 B.R. 887, 896-97 (Bankr. M.D. Fla. 2014) (noting that some courts have used 11 U.S.C. § 550(d) to treat prepetition repayment of fraudulent transfers as an offset).

74.     Textron's request for a ruling on the proper measure for calculating damages should be addressed when (and if) the district court needs to determine appropriate jury instructions on this issue, should count one of the second amended complaint survive summary judgment.

30

75. Accordingly, the district court should deny the portion of Textron's motion directed at the amount of damages in count one, without prejudice to Textron raising this issue at the summary judgment or trial stage of this lawsuit.

III. THE DISTRICT COURT SHOULD REAFFIRM ITS EARLIER DECISION THAT THE TRUSTEE IS NOT ENTITLED TO PUNITIVE DAMAGES FOR AVOIDANCE CLAIMS UNDER 11 U.S.C. §§ 550 AND 544.

76. Textron's third argument is that the trustee is not entitled to punitive damages for his avoidance claims under 11 U.S.C. §§ 550 and 544. Textron asserts that the district court's earlier decision denying the trustee's motion for leave to file a second amended complaint against Fortress (Case No. 5:12-CV-987, ECF No. 166 at 5-6) precludes such punitive damages as law of the case.

77. In his response, the trustee acknowledges that the district court's earlier decision is law of the case, but seeks to preserve this issue. Case No. 5:12-CV-987, ECF No. 278 at 23. In the current second amended complaint, the trustee asks for punitive damages in his prayer for relief, but does not specify as to which count or counts the trustee seeks punitive damages.

78. Given the district court's earlier decision, the district court should hold that its earlier decision is indeed law of the case and that the trustee is not entitled to punitive damages for his avoidance claims under 11 U.S.C. §§ 550 and 544.

31

## CONCLUSION

79.     For the foregoing reasons, the undersigned judge submits these Proposed Conclusions of Law recommending that the district court: (1) deny Textron's motion to dismiss the trustee's second amended complaint, with the exception of reaffirming the district court's earlier decision that the trustee is not entitled to punitive damages for avoidance claims under 11 U.S.C. §§ 550 and 544, and (2) order Textron to file its answer to the second amended complaint within 14 days pursuant to Bankruptcy Rule 7012(a) .

###

12-05101-aih     Doc 151     FILED 03/29/17     ENTERED 03/29/17 11:23:06     Page 32 of 33

## OBJECTIONS

Pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, any party may file objections to these proposed conclusions of law in Adv. Pro. 12-5101 **within 14 days** after being served. Failure to file objections within the specified time may constitute a waiver of the right to appeal the district court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985). The written objections should identify the specific proposed conclusions objected to and state the grounds for such objection. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Any request for an extension of time should be made to the bankruptcy judge pursuant to Rule 9033.